[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13058

Non-Argument Calendar

_____

LAN LI,
an individual, et al.,

                                        Plaintiffs-Counter Defendants,

*versus*

JOSEPH WALSH,

                                        Defendant-Third Party Defendant,

JOSEPH WALSH, JR. et al.,

                                        Defendants,

SOUTH ATLANTIC REGIONAL CENTER, LLC
a Florida Limited Liability Company,

Defendant-Counter Claimant,

KK-PB FINANCIAL, LLC,
a Florida Limited Liability Company,

Defendant-Cross Claimant-
Appellant,

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:16-cv-81871-KAM

_____

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

This case presents the second time that KK-PB Financial, LLC appeals the district court's summary judgment order on its crossclaims against Leslie Robert Evans and his law firm, Leslie Robert Evans & Associates, P.A. The first time, we dismissed KK-PB's appeal for lack of jurisdiction because the summary judgment order was not final as there were pending claims against the Evans

defendants and the other defendants, and the district court never certified the order for immediate review under Federal Rule of Civil Procedure 54(b). *Li v. Walsh*, No. 22-10864, 2022 WL 4230212, at *1 (11th Cir. July 6, 2022). Now back on appeal, the district court has certified its order for immediate appeal under Rule 54(b). But because we find that its Rule 54(b) certification was an abuse of discretion, we dismiss this appeal for lack of jurisdiction.

This Court generally has jurisdiction to review district court judgments that resolve "conclusively the substance of all claims, rights, and liabilities of all parties to an action." *Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1291 (11th Cir. 2023) (emphasis omitted) (quotation omitted). Rule 54(b), however, provides a narrow exception—a district court may enter partial final judgment if it "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certifications under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (quotation omitted).

"A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (quotation omitted). *First*, it must determine that its decision is "an ultimate disposition of an individual claim entered

in the course of a multiple claims action," and that it is a "decision upon a cognizable claim for relief." *Id.* (quotation omitted). *Second*, the court must "determine that there is no just reason for delay." *Id.* We review the first step of the analysis de novo, and the second for abuse of discretion. *Id.* at 976–77.

We hold that the district court erred by concluding that there was "no just reason for delay" in this case. The district court never explained its reasoning for its Rule 54(b) certification, so "we cannot defer to the district court determination and must assess whether any obvious reasons support" Rule 54(b) certification. *Ebrahimi*, 114 F.3d at 167. Here, there are no special circumstances justifying immediate appeal. The underlying suit is still ongoing, and while the claims against KK-PB may have been settled and dismissed, the claims against the Evans defendants remain pending.[1] Those pending claims are also sufficiently related to the crossclaims on appeal: both concern whether the Evans defendants improperly failed to timely record KK-PB's mortgage. Still, KK-PB and the Evans defendants argue that Rule 54(b) certification is warranted because the underlying suit is complicated and "will take a long time to adjudicate." But lengthy litigation, although perhaps inconvenient, is not enough—there must be some

---

[1] The Evans defendants and the plaintiffs in the underlying lawsuit filed joint stipulations of dismissal, stating that the claims against the Evans defendants had been settled. But the stipulations were not signed by all parties, and the district court never entered an order addressing those stipulations. These attempts to dismiss were thus ineffective. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034, 1039 (11th Cir. 2023).

22-13058                Opinion of the Court                5

indication that this would diminish a party's ability to recover, or that there is some other "pressing need for an early and separate judgment." *Peden*, 50 F.4th at 979 (alteration adopted) (quotation omitted). Here, there is no such indication. We accordingly **DISMISS** for lack of jurisdiction.